J-A01013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN PAYNE :
:
Appellant : No. 1545 EDA 2021

Appeal from the PCRA Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0527541-1985

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JUNE 07, 2023**

John Payne (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely. He seeks relief from the 1986 judgment of sentence imposed following a jury conviction of first-degree murder and possessing an instrument of crime[2] (PIC) for the April 1980 shooting death of Darryl Womack. Appellant contends the PCRA court erred in dismissing his petition as untimely because he properly invoked the newly-discovered fact exception to the timeliness requirement. *See* 42 Pa.C.S. § 9545(b)(1)(ii). For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 2502(a) & 907, respectively.

A detailed recitation of the underlying facts is not necessary for this appeal.[3] Briefly, on April 2, 1980, Appellant shot Womack while the victim was walking down a Philadelphia street with his friend, Tanya Veasay. Relevant to this appeal, when police questioned Veasay following the incident, she was unable to identify the shooter. *See* Appellant's Petition for Post Conviction Collateral Relief (Appellant's PCRA Petition), 1/29/18, at 3. However, she made an out-of-court identification two days after the incident from a police photo array, and at trial, she made an in-court identification — both times, she indicated Appellant was the perpetrator. *Id.* at 3-4. Appellant also testified, alleging that he did not know Veasay and that "he believed some[one] told or threatened Ms. Veasay to falsely identify and accuse him of this crime." *Id.*

On April 22, 1986, a jury convicted Appellant of the above-mentioned crimes. That same day, the court sentenced Appellant to a term of life

---

[3] At the outset, we note that on September 9, 2021, this Court was notified by the Philadelphia Court of Common Pleas that the "case file is missing from [its] file room" and therefore, "a reconstructed record was prepared from available documents from the Court Document Management System and notes of testimony, if available." Notice to Superior Court Prothonotary's Office, 9/22/21. No official transcripts were included. Nevertheless, both the record and the trial court docket — which is similarly truncated — include the underlying PCRA petition, the PCRA court's disposal of it, and the present notice of appeal. After review of Appellant's arguments on appeal, we determine the record is sufficient for our limited review of the present order denying his PCRA petition.

imprisonment for the murder conviction, and a concurrent term of one to two years' incarceration for the PIC offense.

Appellant filed a direct appeal, and a panel of this Court affirmed the judgment of sentence on April 16, 1987.[4] ***See Commonwealth v. Payne***, 1278 Philadelphia 1986 (Pa. Super. April 16, 1987) (unpub. memo.). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. However, he did file several petitions under the PCRA and its predecessor, the Post Conviction Hearing Act (PCHA);[5] none of these filings were successful. ***See Commonwealth v. Payne***, 782 Philadelphia 1988 (Pa. Super. June 14, 1989) (unpub. memo.); ***Commonwealth v. Payne***, 1339 EDA 2002 (Pa. Super. Dec. 11, 2002) (judgment order).

On January 29, 2018, Appellant filed the present, *pro se* PCRA petition, in which he raised a timeliness exception to the PCRA time bar based on a violation pursuant to ***Brady v. Maryland***, 373 U.S. 83 (1962). Specifically, he alleged that in 2017, he hired a private investigator, Dennis Crosson, to

---

[4] We note the PCRA court and the Commonwealth refer to April 14, 1987, as the date Appellant's judgment of sentence was affirmed. This two-day discrepancy is inconsequential to our review.

[5] ***See Commonwealth v. Brimage***, 580 A.2d 877, 878 n.1 (Pa. Super. 1990) ("Effective April 13, 1988, the Pennsylvania Legislature repealed in part and substantially modified in part the Post Conviction Hearing Act, renaming it the Post Conviction Relief Act.").

review his case. Appellant stated that in December 2017, he received a letter

from Crosson, informing him

> that a man by the name of John Briggs[, the alleged informant,]
> initiated some type of false information to . . . Detective Robert
> Snyder which led the detective to then insert [Appellant]'s
> photograph in an array of photos to be shown to Ms. Veasey for
> the purpose of making an identification, and to which photo array
> that did not constitute any part of Ms. Veasey's statement
> previously given to Detective [Lamont] Anderson.

Appellant's PCRA Petition at 5. Appellant alleged the letter further stated that

Briggs "made prior attempts to speak with Ms. Veasey[, and] such attempts

were achievable because of the fact that John Briggs' home is approximately

[100] yards from" Ms. Veasey's home, and she testified that "some people

from the neighborhood came to speak with her about the incident before she

was shown [the] photographs." *Id.* at 6.

Appellant also noted that at trial, Detective Snyder was questioned

about his reasons for showing the photographs to Veasey, and the detective

stated he did so based on information he received "from somebody else" and

that he "had some hearsay information." *Id.* (record citation omitted).

Appellant then pointed to a question raised by the jury, asking when Veasey

realized she recognized Appellant from the incident and was it before she was

shown the photo array. *Id.* at 7. Appellant claimed:

> If the prosecution would have disclosed such critical information
> and reports of John Briggs' contacts, and attempted contacts that
> were made with Ms. Veasey and Detective Snyder prior to the
> suggestive photographic display, not only would it have revealed
> the fact that Briggs was the cause of Ms. Veasey's
> misidentification and false testimony against [Appellant], but it

would have also revealed the fact that, in 1982, John Briggs had once before falsely implicated [Appellant]'s name to police in a[n] armed robbery crime for which [Appellant] was charged and later acquitted of.

*Id.* Moreover, he claimed the Commonwealth committed the *Brady* violation by failing to disclose police reports of contacts and attempted contacts made by Briggs to Veasey and Detective Snyder that "resulted [in Appellant's] false arrest, false and suggestive out-of-court identification, and his false conviction for crimes and offenses evidently know[ing] he did not commit." *Id.*

Appellant attached a copy of Crosson's December 1, 2017, letter to his PCRA petition. It states, in relevant part:

> An important factor in this case is John Briggs. I have been asking for months who this is and how he figures into the case and you could not answer that question. His name keeps popping up. We believe we must speak with him to get to the bottom of this. John Briggs . . . was living at 59th and Addison. He is now in a drug rehab, when we last checked. In [Detective] Snyder['s] testimony, he reveals that the police received information from an outside source (John Briggs). Milanda Fields received information from [someone] named Vincent from 60th St. (John Briggs). Also before the trial[,] John Briggs was trying to speak with TV.

Appellant's PCRA Petition at Exhibit 1.

On December 27, 2018, Jacqueline Patricia Gruhler, Esquire, entered her appearance as privately retained counsel for Appellant. On January 25, 2019, she filed a motion to withdraw as counsel and a praecipe for withdrawal of appearance without leave of court.

On February 6, 2020, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. In this notice, the

court stated Appellant's petition is untimely filed and he did not invoke an exception to the timeliness provision of the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The matter went dormant for over a year when the PCRA court issued another Rule 907 notice on May 4, 2021, which was substantially similar to the prior notice. On May 18, 2021, Appellant filed a *pro se* response to the court's Rule 907 notice, claiming the court "distort[ed the] facts" and he did file a timely petition within 60 days of discovering that there was an undisclosed confidential informant, "who is responsible for [Appellant]'s perjured in-court identification and false conviction." *See* Appellant's Response to Judge DiClaudio's May 4th 2021 Rule 907 Prejudicial Notice to Dismiss PCRA Petition, 5/18/21, at 1.

On July 15, 2021, the PCRA court entered an order, dismissing Appellant's petition as untimely pursuant to 42 Pa.C.S. § 9545(b). This timely, *pro se* appeal follows.[6, 7]

_____

[6] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 16, 2021, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

[7] At the time Appellant filed the *pro se* notice of appeal, there was no indication in the record that Attorney Gruhler was granted leave to withdraw by the PCRA court. Therefore, on October 18, 2021, this Court directed the PCRA court to dispose of Attorney Gruhler's motion to withdraw within 30 days. The PCRA court failed to comply. On April 28, 2022, this Court again directed the PCRA court to decide the motion within ten days. The PCRA court again failed to notify this Court of any ruling within the appropriate time. However, a review of the trial court docket revealed that on May 16, 2022, there was a docket entry by the PCRA court titled "Order Granting Motion to Withdraw Counsel." *(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

1. Did the PCRA court err when it dismissed Appellant's [PCRA] petition without a hearing when a newly-discovered fact revealed the existence of an undisclosed police informant that, if disclosed, would have [a]ffected the credibility of the Commonwealth's witness and resulted [in] the reasonable probability of a different trial outcome and, where the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii) seeking relief, were satisfied?

2. Did the Commonwealth violate the "Brady Rule" and Appellant's due process right to a fair trial by failing to disclose the existence of an informant that was material and, if disclosed, would have [a]ffected the credibility of its witness resulting [in] the reasonable probability of Appellant's acquittal?

Appellant's Brief at iv (some capitalization omitted). Based on the nature of Appellant's claims, we will address them together.

Appellant first claims the PCRA court erred in dismissing his PCRA petition "without a hearing when [he] clearly demonstrated a newly-discovered fact that was unknown to" him. Appellant's Brief at 9. He maintains:

This newly-discovered fact, discovered during an investigation by retained private investigator Dennis Crosson, has revealed for the first time, the existence and identity of a police informant (John Briggs) who is now perceived to be the prime perpetrator who initiated Appellant's warrantless arrest and interrogation, Appellant's 42-days of incommunicado detention, Appellant's

_____

This Court then directed the PCRA court to certify and transmit a supplemental record to this Court, containing the May 16th order. On July 11, 2022, this Court received a letter from the PCRA court, stating that the May 16th order was entered and granted counsel permission to withdraw. The order was attached along with a signed "Short Certificate" permitting counsel to withdraw. Accordingly, the matter is now properly before us.

perjured and directed in-court identification, and Appellant's wrongful conviction for a murder he did not commit.

*Id.* He contends that as result of not knowing this information, he was "deprived . . . of the opportunity to effectively challenge the credibility of the prosecution's only alleged eyewitness, Tanya Veasey, as well as her true reason(s) for coming in[to] court and pointing a finger at Appellant and falsely accusing him of Darryl Womack's murder." *Id.* Furthermore, he asserts:

> [I]f the existence of informant Briggs would have been made known and disclosed, not only would the jury's question [have] been answered, it would have also allowed Appellant's trial defense to correctly shift away from trial counsel['s] feeble defense of a mistaken identification of Appellant, to that of a directed and perjured in-court identification of Appellant that was initiated and orchestrated upon the evil intents of informant John Briggs and Detective Robert Snyder[.]

*Id.* at 11. He continues:

> [T]he jury would have also been made aware of the fact that this was not informant Briggs' first time falsely implicating Appellant's name in a crime. When Appellant was a teenager, informant Briggs had falsely implicated to police that Appellant was involved in a robbery for which Appellant was thereafter arrested from his home and charged. Appellant was later acquitted of all charges in relation[ ] to that said robbery.

*Id.* at 12.

Additionally, Appellant states the PCRA court erred in finding that he "had prior awareness of the informant's existence but did not exercise due diligence when he retained an investigator and later obtained the informant's identify." Appellant's Brief at 12. He maintains that he did not know about

the existence of this informant until he received Crosson's 2017 letter. ***See id.***

In his second argument, Appellant argues the Commonwealth committed a ***Brady*** violation where it "has not denied or refuted the fact that it withheld and failed to disclose the existence of informant Briggs, and it does not refute the fact that informant Briggs[ ], and his actions which initiated the cause of Appellant's wrongful arrest and imprisonment is, in fact, material under ***Brady***." Appellant's Brief at 14. Moreover, he states the Commonwealth did not deny or refute "the fact that, if Briggs['] existence had been disclosed it would have had a wholly effect on Ms. Veasey's credibility and undermined the perjured and inconsistent testimonies she gave at the [p]reliminary [h]earing and [t]rial, and would have thereby resulted in the reasonable probability of [his] acquittal." ***Id.*** He reiterates his contention that he was unaware of Briggs' existence until it was disclosed to him in December of 2017, and concludes that the Pennsylvania Supreme Court "has never recognized an affirmative due diligence duty on the defense as part of ***Brady***[,]" which would require him to "scavenge" the record for "hints of undisclosed ***Brady*** materials[.]" ***Id.*** at 15 (citation omitted).

In reviewing an order denying a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error."

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019)

(citation & internal quotation marks omitted).

> Pursuant to Rule 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations

omitted).

Here, the PCRA court determined Appellant's petition was untimely filed.

Therefore, before reaching the merits of Appellant's claim, we must determine

whether this appeal is properly before us.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019)

(citations, quotation marks, & emphasis omitted); ***see also*** 42 Pa.C.S. §

9545(b)(1), (3).

Here, Appellant's judgment of sentence became final on Monday, May 18, 1987, after the 30-day period for filing a direct appeal expired.[8] *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at conclusion of direct review, or at the expiration of time for seeking review); Pa.R.A.P. 903(a) (appeal must be filed within 30 days of entry of order on appeal). Appellant had one year from that date — or until May 18, 1988 — to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of date judgment of sentence is final). He filed the present petition on January 29, 2018 — approximately 29 years later — and as such, it is facially untimely.

The PCRA, however, allows for an appellant to file a petition after this period when they plead and prove one of the following timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

_____

[8] The 30th day, May 16, 1987, fell on a Saturday; therefore, Appellant had until Monday, May 18th to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 (for purposes of computing time, when last day of period falls on a weekend or legal holiday, such day is omitted from computation).

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, the PCRA requires that any petition invoking one of the timeliness exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[9]

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Additionally, the Pennsylvania Supreme Court previously explained that "[t]he focus of the [Section 9545(b)(1)(ii)] exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, & emphasis omitted).

Here, the PCRA court found the following:

To establish timeliness, [Appellant] attempted to invoke the newly[-]discovered fact exception by claiming that [the] Commonwealth withheld the name of an informant, which was subsequently discovered by an investigator he employed. In his 2018 PCRA petition, [Appellant] cited to the Notes of Testimony

---

[9] This subsection was amended, effective December 24, 2018, to provide petitioners with one year to invoke a timeliness exception regarding "claims arising on Dec. 24, 2017 or thereafter." 42 Pa.C.S. § 9545(b)(2), Comment; Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, § 3, effective in 60 days. Because the petition at issue was filed on January 29, 2018, before the effective date of the amendment, the amendment is not applicable here.

where Detective Robert Snyder[ ] acknowledged that he had received information from a source regarding [Appellant]'s involvement in the homicide. Despite not knowing the identity of the alleged informant at trial, [Appellant] cannot claim that the informant's existence was unknown to him. The discovery of the informant's name in and of itself is not [a] newly[-]discovered fact. Furthermore, even if the facts were unknown to [Appellant], he failed to demonstrate how the identity of the informant could not have been ascertained by exercising due diligence. Absent an exception to timeliness, [the c]ourt was without jurisdiction to address the merits of [Appellant]'s untimely claims.

PCRA Ct. Op., 9/16/21, at 3-4 (record citation omitted).

We agree with the PCRA court's finding that Appellant failed to properly invoke the newly-discovered fact exception to the PCRA's timeliness requirement. During Appellant's 1986 trial, Detective Snyder testified that he presented Veasey with a photo array on the basis of information he received from a third party. *See* Appellant's PCRA Petition at 6. Accordingly, Appellant was put on notice of this "informant" information at that time, and could have notified his counsel at the time that he wanted the identity of the informant. Although he may have received additional details in Crosson's December 2017 letter, the fact that police utilized third-party information to aid their investigation does not qualify as a "newly-discovered fact." More importantly, Appellant fails to explain how he exercised due diligence and could not have discovered this information earlier. *See Brown*, 111 A.3d at 176. While we agree with him that he does not have go on a "scavenger hunt" for evidence, he is required to "take reasonable steps to protect his own interests" and "explain why he could not have learned the new fact(s) earlier with the

- 13 -

exercise of due diligence." *Id.* Indeed, Appellant has failed to show any action on his part that demonstrates due diligence during that 29-year period with respect to this informant information. Accordingly, in concluding that Appellant failed to plead and prove any "new fact" to invoke the timeliness exception provided by Section 9545(b)(1)(ii), the PCRA court lacked jurisdiction to consider the issues raised in his 2018 petition. Therefore, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/7/2023*